30 N.J. Super. 600 (1954)
105 A.2d 703
STATE OF NEW JERSEY, PLAINTIFF,
v.
MAXWELL W. FELDMAN, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided May 25, 1954.
*601 Mr. Abraham I. Mayer, attorney for the defendant.
Mr. Charles V. Webb, Jr., County Prosecutor (Mr. George K. Meier, Jr., Assistant Prosecutor, appearing), attorney for the State.
CONLON, J.C.C.
The defendant was found guilty by a jury of an indictment charging that on June 26, 1952 he did cause the deaths of Lea Mandelman and Jerome Mandelman by driving a motor vehicle carelessly and heedlessly in wanton disregard of the rights and safety of others in violation of the provisions of N.J.S. 2A:113-9. The defendant moves for a new trial upon three grounds:
*602 (1) That the verdict was contrary to the weight of the evidence;
(2) That the court erroneously charged on the law of contributory negligence; and
(3) That the jury was misinformed as to the law regarding the speed limits controlling the situation presented.
The first two grounds may be dismissed without discussion. As to the first, the court stated on the record its reason for determining that a jury question was presented and sees no reason for reconsideration of its conclusion. As to the charge on contributory negligence, no objection was made to the court's charge and since it is conceived to be substantially in accord with the accepted rules of law, no palpable error is presented in that respect such as would warrant the setting aside of the verdict rather than have the question passed upon on appeal.
The third point presents a more difficult problem and raises some questions as to the relative obligations of the court and counsel for the State and defendant and also the question as to what extent the trial court should go in setting aside a verdict which was reached on the issues presented to it without objection.
The accident in question occurred in Branch Brook Park in Essex County. Without reviewing the facts, it is sufficient to indicate that from the evidence the jury was justified in concluding that in travelling over a winding two-lane road the defendant was going so fast that his Lincoln car crossed the white line and collided with a Plymouth car with such force as to drive the latter back some 21 feet. The two occupants of the Plymouth were killed. Admittedly, one of the primary issues of the trial was the speed at which the defendant was operating his car. There was evidence from which it might be inferred that he was going at last 45 to 50 miles an hour. The defendant denied excessive speed. In this situation the following occurred: John Swiderski, a member of the Essex County Park Police Department, without objection, testified as follows in answer to questions of the Prosecutor:

*603 "Q. You are from the Park Police?
A. That's right.
Q. What is the speed limit there?
A. 20 miles, for what the signs are posted.
Q. There is a sign posted there?
A. There is two signs posted in that area  20 miles.
MR. MEIER: That is all."
No further comment was made as to the speed limit during the trial  my notes do not disclose whether the matter was mentioned in the summations  until the court delivered its charge on the law of negligence. In that connection the court, without objection, charged the jury as follows:
"The law applicable to this offense is this: The defendant in driving his automobile at the time in question was under a duty to exercise such care and skill and have his car in such reasonable control as a reasonable and ordinary prudent person would under the conditions existing at the time the two deceased met their deaths. And in addition the defendant was under a duty to the decedents to observe the provisions of the Motor Vehicle Act. And in that respect, as I recall it, the testimony is there were two signs there indicating the speed limit as being 20 miles an hour in this zone.
The mere neglect, however, of the defendant to use the care which I have charged you he was under and the mere neglect to observe the provisions of the Motor Vehicle Act are not necessarily sufficient to form the basis of a conviction under this indictment; they are merely circumstances to be considered along with all the other facts and circumstances in the case.
Upon all of the duties of the defendant, as I have stated them to you, the defendant's neglect must be more than mere carelessness or neglect; it must under all the facts and circumstances go to such an extent as to constitute and evince a reckless indifference to and disregard of human life."
Appellant's present counsel, who did not represent the defendant at the trial, now calls the attention of the court that there is no statutory speed limit of 20 miles an hour in Branch Brook Park and argues that in spite of the fact that no error appears in the record and that the matter cannot be presented under the guise of newly discovered evidence, nevertheless the jury was misinformed on the vital matter of the legal speed to such an extent that the interest of justice requires a new trial, R.R. 3:7-11(a).
*604 For the purpose of this motion the court is assuming that while the road in question was posted with signs for 20 miles per hour there was no statutory authority for the establishment of that speed limit without the sanction of the Motor Vehicle Department in accordance with the provisions of N.J.S.A. 39:4-98 which provides in part as follows:
"Whenever it shall be determined upon the basis of an engineering and traffic investigation that any speed hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway, the State Highway Commissioner with reference to State highways may by regulation and municipal or county authorities with reference to highways under their jurisdiction may by ordinance in the case of municipal authorities or by ordinance or resolution, in the case of county authorities, subject to the approval of the director, designate a reasonable and safe speed limit thereat which, subject to the provisions of 39:4-96 and 39:4-97, shall be prima facie lawful at all times or at such times as may be determined when appropriate signs giving notice thereof are erected at such intersection, or other place or part of the highway."
The court is constrained to find as a matter of law that since the requirements of the foregoing statutory provision had not been complied with, there was no legal basis for the testimony of the police officer or the charge by the court to the effect that the speed limit was 20 miles per hour. There were other statutory provisions that applied to the situation but they were not mentioned. Since speed was a vital issue before the jury and since the jury was completely  although perchance inadvertently  misinformed as to the obligation of the defendant with reference to speed, it cannot be said that the verdict was in accord with the law and the facts. To consider to what extent the jury's verdict was influenced by the erroneous testimony and charge would be mere speculation.
An order will be entered setting aside the verdict of guilty and granting a new trial.